# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| KYLE BIXLER<br><br>        Plaintiff,<br>vs.<br><br>OSKALOOSA MUNICIPAL WATER DEPARTMENT,<br><br>        Defendant. | NO. __4:22-cv-142__<br><br>Mahaska County District Court Case No. LALA075489<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

COMES NOW Defendant, by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and 1446, and hereby removes the above-captioned case from the Iowa District Court for Mahaska County to the United States District Court, Southern District of Iowa, Central Division. In support removal, Defendant states the following:

1. This action was originally filed in the Iowa District Court for Mahaska County by the Plaintiff on or about April 6, 2022.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Original Notice and Petition are attached as Exhibit 1.

3. Service was effectuated on April 19, 2022. A copy of the return of service has yet to be filed. A copy of the appearances filed by counsel on behalf of the Defendant are attached hereto as Exhibit 2.

4. This case may be removed from the Iowa District Court for Mahaska County to this Court pursuant to 28 U.S.C. § 1331. The United States District Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

1

5. This is a civil action in which Plaintiffs are alleging, among other things, violations of the Family Medical Leave Act. The Family Medical Leave Act is a federal law that provides this Court with original jurisdiction. *See Burciaga v. Ravago Americas, LLC*, 56 F. Supp. 3d 987, 993 (S.D. Iowa 2014) ("This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, as the claim, arising under the FMLA, is a matter of federal question.").

6. Pursuant to 28 U.S.C. § 1367(a), the United States District Court has supplemental jurisdiction over Plaintiff's related state law claims.

7. The acts of which Plaintiffs complain are alleged to have occurred in Mahaska County, Iowa.

8. The time for filing this notice of removal has not expired because thirty (30) days have not passed since April 19, 2022, the date on which Defendant was served with the Petition, or even since April 6, 2022, the date on which Plaintiff filed the petition.

9. Defendant has not been served with, and is not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court for Mahaska County, other than the return of service that has yet to be filed.

10. Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution.

11. Counsel that has appeared on behalf of the Plaintiffs in state court is:

Kathryn Leidahl
Amy Beck
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
kathryn@employmentlawiowa.com
amy@employmentlawiowa.com

12. This Notice of Removal is being served upon Plaintiff's counsel by electronic mail and is being filed with the Clerk of the Iowa District Court for Mahaska County.

**WHEREFORE**, Defendant Oskaloosa Municipal Water Department gives notice that the above-captioned action now pending in the Iowa District Court for Mahaska County is removed therefrom to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

*/s/ Zac Clausen/*

---

Rene Charles Lapierre
Zachary D. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANT
OSKALOOSA MUNICIPAL WATER
DEPARTMENT

Copy to:

Kathryn Leidahl
Amy Beck
8831 Windsor Parkway
Johnston, IA 50131

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on _____4/28_____, 2022
By: _____ U.S. Mail          _____ facsimile
     _____ Hand delivered    _____ Overnight courier
     ____x_ Email             ____x__ ECF

Signature __/s/ Julie Lamprecht_____

IN THE IOWA DISTRICT COURT FOR MAHASKA COUNTY

| | |
|---|---|
| KYLE BIXLER,<br><br>    Plaintiff,<br><br>vs.<br><br>OSKALOOSA MUNICIPAL WATER DEPARTMENT,<br><br>    Defendant. | CASE NO. LALA075489<br><br><br>ORIGINAL NOTICE |

TO THE ABOVE-NAMED DEFENDANT:   OSKALOOSA MUNICIPAL WATER DEPARTMENT

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Amy Beck and Kathryn Leidahl of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Mahaska County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 684-6502 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

---

CLERK OF COURT
Mahaska County Courthouse
Oskaloosa, Iowa

**EXHIBIT 1**

# Iowa Judicial Branch

Case No. **LALA075489**
County **Mahaska**

Case Title   KYLE BIXLER VS OSKALOOSA MUNICIPAL WATER DEPARTME

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

| Scheduled Hearing: |
|---|
|   |

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **04/06/2022 04:01:26 PM**



District Clerk of Court or/by Clerk's Designee of Mahaska      County
/s/ Amanda Shepherd

IN THE IOWA DISTRICT COURT FOR MAHASKA COUNTY

| KYLE BIXLER, | CASE NO. LALA075489 |
|---|---|
| Plaintiff, | |
| vs. | PETITION and JURY DEMAND |
| OSKALOOSA MUNICIPAL WATER DEPARTMENT, | |
| Defendant. | |

COMES NOW Plaintiff Kyle Bixler and for his cause of action against Defendant states the following:

## INTRODUCTION

1. This is an action challenging Defendant's violations of the Family Medical Leave Act ("FMLA") and the Iowa Civil Rights Act ("ICRA").

2. Plaintiff Kyle Bixler is a resident of Mahaska County, Iowa.

3. Defendant Oskaloosa Municipal Water Department a municipal utility established pursuant to Iowa Code Chapter 388 and doing business in Mahaska County, Iowa.

4. The acts of which Plaintiff complains occurred in Mahaska County, Iowa.

## PROCEDURAL REQUIREMENTS

5. On November 17, 2021, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission.

6. On March 30, 2022, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

7. On January 6, 2020, Defendant hired Kyle as a maintenance worker.

1

8. At the time, Kyle was 28 years old.

9. Kyle's coworkers were all at least ten years older than him.

10. Defendant frequently punished Kyle for taking short breaks to send a text message or make a personal phone call.

11. Kyle's older coworkers made multiple personal phone calls, Facetimed with family members during work hours, and took unlimited smoke breaks, but Defendant never disciplined them for these activities.

12. Defendant criticized Kyle if he arrived late to work.

13. Some of Kyle's older coworkers arrived late to work with no excuse, but were not disciplined as a result.

14. General Manager Kelly Hefner admitted that Kyle was treated differently because of his younger age.

15. Hefner told Kyle, "You get more shit because you're the young guy."

16. Coworker Adam Eklofe noticed Kyle's tougher treatment and said, "They treat you like the black sheep."

17. Kyle plays on a traveling softball team.

18. Hefner approved Kyle's PTO request to travel for softball tournaments.

19. Hefner eventually became upset by Kyle's requests and guilted Kyle for using his PTO.

20. Kyle's older coworkers regularly switched or traded weekend shifts and used PTO for camping and fishing trips without any pushback.

21. However, when a coworker asked Hefner to switch weekends, Hefner stated they could switch with any employee except Kyle.

22. In January 2021, Kyle requested an advance on his sick leave to obtain medical care in Minnesota.

23. Hefner initially approved Kyle's sick leave advance, but later disciplined Kyle and put him on probation for using sick time before it accrued.

24. On August 15, 2021, Kyle's roommate tested positive for COVID-19.

25. Kyle immediately informed Operations Manager Jason Hacker and took a COVID-19 test.

26. Kyle tested negative but still experienced symptoms of COVID. His doctor advised him to quarantine for ten days.

27. Kyle relayed his doctor's instructions to Hacker.

28. On August 16, 2021, Hacker showed up at Kyle's home. Hacker told Kyle to come back to work and ignore his doctor's orders.

29. Kyle explained that he was not comfortable returning to work because he was experiencing COVID-19 symptoms, lived with someone who currently had the virus, and was not vaccinated.

30. Kyle's symptoms began to worsen.

31. On August 24, Kyle tested positive for COVID-19.

32. Kyle's symptoms continued to worsen, and he had difficulty breathing.

33. On August 25, Hefner told Kyle he needed to file for FMLA leave.

34. On August 29, Kyle was diagnosed with severe pneumonia in both lungs.

35. Kyle explained his diagnosis to Hefner, and Hefner stated Kyle could not return to work until he had a negative COVID-19 test and a doctor's release.

36. The same day, Kyle asked Hefner if he could come to fill out FMLA paperwork.

37. Hefner responded, "Since you texted me, that's a formal request. You're good."

3

38. Kyle had never used FMLA before and trusted Hefner's instruction.

39. On September 10, 2021, Kyle again tested positive for COVID-19.

40. Kyle's doctor advised that it was unnecessary for him to quarantine for an additional ten days.

41. Kyle informed Hefner of his doctor's instructions.

42. Hefner reiterated that Kyle must test negative and have a doctor's release before returning to work.

43. On September 13, 2021, Kyle received a release to return to work.

44. The doctor explained that Kyle could continue to test positive for COVID-19 for up to three months even though he was no longer contagious.

45. After Kyle updated him with the status of his diagnosis, Hefner told Kyle to return to work the next day.

46. On September 14, 2021, Kyle returned to work, and Hacker instructed him to "weed whip."

47. The same day, Kyle's older coworkers received less strenuous work assignments due to the heat.

48. Hacker allowed Kyle to switch to the tractor when the weather became too hot.

49. Around 12:30 p.m., Kyle began struggling to breathe and switched to the tractor.

50. Around 2:30 p.m., Hefner called Kyle to his office with Hacker.

51. Hefner fired Kyle, citing his "inability to follow directions."

52. Hefner claimed that Hacker's instructions were to weed whip everything before switching to the tractor.

53. Hacker never corrected Hefner's misstatement.

54. Kyle explained that he switched to the tractor because he struggled to breathe.

4

55. Hefner ignored Kyle's explanation and fired him.

56. Kelly Hefner was an employee and agent of Defendant Oskaloosa Municipal Water Department, acting at all material times within the scope of his employment and agency.

57. Jason Hacker was an employee and agent of Defendant Oskaloosa Municipal Water Department, acting at all material times within the scope of his employment and agency.

58. Adam Eklofe was an employee and agent of Defendant Oskaloosa Municipal Water Department, acting at all material times within the scope of his employment and agency.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

59. Plaintiff repleads paragraphs 1 through 58 as if fully set forth herein.

60. In September 2021, Plaintiff was an "eligible employee" under the FMLA.

61. Plaintiff invoked his right to leave under the FMLA.

62. Defendant interfered with Plaintiff's right to take leave.

63. Defendant failed to restore Plaintiff to the position he held when his leave commenced.

64. Defendant discriminated against Plaintiff and fired him for exercising his rights under the FMLA.

65. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages and employment benefits.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## COUNT II
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION

66. Plaintiff repleads paragraphs 1 through 65 as if fully set forth herein.

67. Plaintiff was disabled within the meaning of the ICRA.

68. Plaintiff's long haul COVID-19 substantially interfered with one or more of the following major life activities: breathing, performing manual tasks, walking, and thinking.

69. Plaintiff's long haul COVID-19 symptoms impacted the normal functioning of his respiratory and circulatory systems.

70. In the alternative, Defendant perceived Plaintiff as disabled.

71. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

72. Defendant discriminated against Plaintiff in his employment in violation of the Iowa Civil Rights Act.

73. Plaintiff's actual or perceived disability was a motivating factor in Defendant's discrimination.

74. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, lost enjoyment of life, lost wages, medical expenses, employment benefits, and future earnings.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable and injunctive relief, for prejudgment and post-judgment interest, for attorney fees, including the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT III
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## AGE DISCRIMINATION

75. Plaintiff repleads paragraphs 1 through 74 as if fully set forth herein.

76. Defendant discriminated against Plaintiff with respect to his employment.

77. Plaintiff's age was a motivating factor in Defendant's discrimination.

78. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, lost enjoyment of life, lost wages, medical expenses, employment benefits, and future earnings.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable and injunctive relief, for prejudgment and post-judgment interest, for attorney fees, including the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury.

/s/ Kathryn Leidahl
FIEDLER LAW FIRM, P.L.C.
Amy Beck AT0013022
amy@employmentlawiowa.com
Kathryn Leidahl AT0014930
kathryn@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR MAHASKA COUNTY

| | |
|---|---|
| KYLE BIXLER,<br><br>       Plaintiff,<br>vs.<br><br>OSKALOOSA MUNICIPAL WATER DEPARTMENT,<br><br>       Defendant. | NO. LALA075489<br><br>**APPEARANCE** |

COMES NOW Rene C. Lapierre of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendant, Oskaloosa Municipal Water Department. The parties and the Clerk of Court are advised to adjust their files accordingly.

                                      Respectfully submitted,

                                      */s/ Rene C. Lapierre*

                                      Rene C. Lapierre   #AT0004547
                                      KLASS LAW FIRM, L.L.P.
                                      Mayfair Center, Upper Level
                                      4280 Sergeant Road, Suite 290
                                      Sioux City, IA  51106
                                      lapierre@klasslaw.com
                                      WWW.KLASSLAW.COM
                                      712-252-1866
                                      712-252-5822 fax

                                      ATTORNEYS FOR DEFENDANT

**EXHIBIT 2**

KLASS LAW FIRM, L.L.P.

1

Copy to:

Kathryn Leidahl
Amy Beck
8831 Windsor Parkway
Johnston, IA  50131

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___April 28_____, 2022.

By: _____ U.S. Mail              _____ facsimile
    _____ Hand delivered         _____ Overnight courier
    _____ Email                  __X__ ECF

*[signature]*

Signature _____

**KLASS LAW FIRM, L.L.P.**

2

IN THE IOWA DISTRICT COURT FOR MAHASKA COUNTY

| | |
|---|---|
| KYLE BIXLER,<br><br>        Plaintiff,<br>vs.<br><br>OSKALOOSA MUNICIPAL WATER DEPARTMENT,<br><br>        Defendant. | NO. LALA075489<br><br>**APPEARANCE** |

COMES NOW Zachary D. Clausen of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendant, Oskaloosa Municipal Water Department. The parties and the Clerk of Court are advised to adjust their files accordingly.

Respectfully submitted,

*/s/ Zac Clausen*

_____
Zachary D. Clausen   #AT00013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

**KLASS LAW FIRM, L.L.P.**

1

Copy to:

Kathryn Leidahl
Amy Beck
8831 Windsor Parkway
Johnston, IA 50131

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on _April 28_____, 2022.
By: _____ U.S. Mail          _____ facsimile
    _____ Hand delivered     _____ Overnight courier
    _____ Email              __X____ ECF

*Julie Lamprecht*

Signature _____

**KLASS LAW FIRM, L.L.P.**

2