IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KYLE BIXLER,<br><br>   Plaintiff,<br><br>v.<br><br>OSKALOOSA MUNICIPAL WATER DEPARTMENT and CITY OF OSKALOOSA,<br><br>   Defendants. | CASE NO. 4:22-cv-00142-RGE-SHL<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW Plaintiff Kyle Bixler and for his cause of action against Defendants states the following:

## INTRODUCTION

1. This is an action challenging Defendant's violations of the Family Medical Leave Act ("FMLA") and the Iowa Civil Rights Act ("ICRA"), and the Americans with Disabilities Act ("ADA").

2. Plaintiff Kyle Bixler is a resident of Mahaska County, Iowa.

3. Defendant Oskaloosa Municipal Water Department a municipal utility established pursuant to Iowa Code Chapter 388 and doing business in Mahaska County, Iowa.

4. Defendant City of Oskaloosa is a municipal corporation within the State of Iowa.

5. The acts of which Plaintiff complains occurred in Mahaska County, Iowa.

## PROCEDURAL REQUIREMENTS

6. On November 17, 2021, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendant Oskaloosa Municipal Water Department with the Iowa Civil Rights Commission.

7. On March 30, 2022, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

8. On January 6, 2020, Defendants hired Kyle as a maintenance worker.

9. At the time, Kyle was 28 years old.

10. Kyle's coworkers were all at least ten years older than him.

11. Defendants frequently punished Kyle for taking short breaks to send a text message or make a personal phone call.

12. Kyle's older coworkers made multiple personal phone calls, Facetimed with family members during work hours, and took unlimited smoke breaks, but Defendants never disciplined them for these activities.

13. Defendants criticized Kyle if he arrived late to work.

14. Some of Kyle's older coworkers arrived late to work with no excuse, but were not disciplined as a result.

15. General Manager Kelly Hefner admitted that Kyle was treated differently because of his younger age.

16. Hefner told Kyle, "You get more shit because you're the young guy."

17. Coworker Adam Eklofe noticed Kyle's tougher treatment and said, "They treat you like the black sheep."

18. Kyle plays on a traveling softball team.

19. Hefner approved Kyle's PTO request to travel for softball tournaments.

20. Hefner eventually became upset by Kyle's requests and guilted Kyle for using his PTO.

21. Kyle's older coworkers regularly switched or traded weekend shifts and used PTO for camping and fishing trips without any pushback.

22. However, when a coworker asked Hefner to switch weekends, Hefner stated they could switch with any employee except Kyle.

23. In January 2021, Kyle requested an advance on his sick leave to obtain medical care in Minnesota.

24. Hefner initially approved Kyle's sick leave advance, but later disciplined Kyle and put him on probation for using sick time before it accrued.

25. On August 15, 2021, Kyle's roommate tested positive for COVID-19.

26. Kyle immediately informed Operations Manager Jason Hacker and took a COVID-19 test.

27. Kyle tested negative but still experienced symptoms of COVID. His doctor advised him to quarantine for ten days.

28. Kyle relayed his doctor's instructions to Hacker.

29. On August 16, 2021, Hacker showed up at Kyle's home. Hacker told Kyle to come back to work and ignore his doctor's orders.

30. Kyle explained that he was not comfortable returning to work because he was experiencing COVID-19 symptoms, lived with someone who currently had the virus, and was not vaccinated.

31. Kyle's symptoms began to worsen.

32. On August 24, Kyle tested positive for COVID-19.

33. Kyle's symptoms continued to worsen, and he had difficulty breathing.

34. On August 25, Hefner told Kyle he needed to file for FMLA leave.

35. On August 29, Kyle was diagnosed with severe pneumonia in both lungs.

36. Kyle explained his diagnosis to Hefner, and Hefner stated Kyle could not return to work until he had a negative COVID-19 test and a doctor's release.

37. The same day, Kyle asked Hefner if he could come to fill out FMLA paperwork.

38. Hefner responded, "Since you texted me, that's a formal request. You're good."

39. Kyle had never used FMLA before and trusted Hefner's instruction.

40. On September 10, 2021, Kyle again tested positive for COVID-19.

41. Kyle's doctor advised that it was unnecessary for him to quarantine for an additional ten days.

42. Kyle informed Hefner of his doctor's instructions.

43. Hefner reiterated that Kyle must test negative and have a doctor's release before returning to work.

44. On September 13, 2021, Kyle received a release to return to work.

45. The doctor explained that Kyle could continue to test positive for COVID-19 for up to three months even though he was no longer contagious.

46. After Kyle updated him with the status of his diagnosis, Hefner told Kyle to return to work the next day.

47. On September 14, 2021, Kyle returned to work, and Hacker instructed him to "weed whip."

48. The same day, Kyle's older coworkers received less strenuous work assignments due to the heat.

49. Hacker allowed Kyle to switch to the tractor when the weather became too hot.

50. Around 12:30 p.m., Kyle began struggling to breathe and switched to the tractor.

51. Around 2:30 p.m., Hefner called Kyle to his office with Hacker.

52. Hefner fired Kyle, citing his "inability to follow directions."

53. Hefner claimed that Hacker's instructions were to weed whip everything before switching to the tractor.

54. Hacker never corrected Hefner's misstatement.

55. Kyle explained that he switched to the tractor because he struggled to breathe.

56. Hefner ignored Kyle's explanation and fired him.

57. Kelly Hefner was an employee and agent of Defendants, acting at all material times within the scope of his employment and agency.

58. Jason Hacker was an employee and agent of Defendants, acting at all material times within the scope of his employment and agency.

59. Adam Eklofe was an employee and agent of Defendants, acting at all material times within the scope of his employment and agency.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

60. Plaintiff repleads paragraphs 1 through 59 as if fully set forth herein.

61. In September 2021, Plaintiff was an "eligible employee" under the FMLA.

62. Plaintiff invoked his right to leave under the FMLA.

63. Defendants interfered with Plaintiff's right to take leave.

64. Defendants failed to restore Plaintiff to the position he held when his leave commenced.

65. Defendants discriminated against Plaintiff and fired him for exercising his rights under the FMLA.

66. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages and employment benefits.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated

damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## COUNT II
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION

67. Plaintiff repleads paragraphs 1 through 66 as if fully set forth herein.

68. Plaintiff was disabled within the meaning of the ICRA.

69. Plaintiff's long haul COVID-19 substantially interfered with one or more of the following major life activities: breathing, performing manual tasks, walking, and thinking.

70. Plaintiff's long haul COVID-19 symptoms impacted the normal functioning of his respiratory and circulatory systems.

71. In the alternative, Defendants perceived Plaintiff as disabled.

72. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

73. Defendants discriminated against Plaintiff in his employment in violation of the Iowa Civil Rights Act.

74. Plaintiff's actual or perceived disability was a motivating factor in Defendants' discrimination.

75. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, lost enjoyment of life, lost wages, medical expenses, employment benefits, and future earnings.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate

equitable and injunctive relief, for prejudgment and post-judgment interest, for attorney fees, including the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT III
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## AGE DISCRIMINATION

76. Plaintiff repleads paragraphs 1 through 75 as if fully set forth herein.

77. Defendants discriminated against Plaintiff with respect to his employment.

78. Plaintiff's age was a motivating factor in Defendants' discrimination.

79. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, lost enjoyment of life, lost wages, medical expenses, employment benefits, and future earnings.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable and injunctive relief, for prejudgment and post-judgment interest, for attorney fees, including the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT IV
## VIOLATIONS OF THE ADA, 42 U.S.C. § 12101, et seq.
## DISABILITY DISCRIMINATION

80. Plaintiff repleads paragraphs 1 through 79 as if fully set forth herein.

81. Plaintiff suffered from long haul COVID, and at the time of his termination was disabled within the meaning of the ADA.

82. Plaintiff's long haul COVID-19 substantially interfered with one or more of the following major life activities: breathing, performing manual tasks, walking, and thinking.

83. Plaintiff's long haul COVID-19 symptoms impacted the normal functioning of his respiratory and circulatory systems.

84. In the alternative, Defendants regarded Plaintiff as having a physical impairment that substantially limited one or more of his major life activities.

85. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

86. Defendants discriminated against Plaintiff with respect to his employment in violation of the ADA.

87. Plaintiff's disability was a motivating factor in Defendants' decision to fire him.

88. Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and

consistent with the purpose of the ADA.

### JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury.

    */s/ Kathryn Leidahl*
FIEDLER LAW FIRM, P.L.C.
Amy Beck AT0013022
amy@employmentlawiowa.com
Kathryn Leidahl AT0014930
kathryn@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF